JOHN W. LINEBAUGH

v.

JAMES A. ATWATER et al.

*Opinion filed June 18, 1898.*

1. PRACTICE—*father having adverse interests cannot act as next friend for minor children.* Where a bill filed by a father and his children for specific performance shows on its face that the interest of the father is adverse to that of the children, the court, upon its appearing that such children are minors, should appoint a guardian *ad litem*, as the father's interest prevents his acting as next friend.

2. SAME—*Supreme Court will not pass on rights of minors not properly represented.* Where, on appeal, it appears part of the complainants were minors whose interests were adverse to that of their co-complainant, their father, and that the suit has been prosecuted to a final decree in his favor without the appointment of a guardian *ad litem*, the Supreme Court will remand the cause, with directions to appoint a guardian *ad litem* to properly represent them.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

JOHN S. WINTER, and H. W. MASTERS, for appellant.

I. R. BROWN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A bill was filed in the circuit court of Fulton county in the names of the appellees, James A. Atwater and his children, Minnie Belle Atwater and Musie E. Atwater, as complainants, against appellant, John W. Linebaugh, as defendant, for the specific performance of an alleged oral agreement of John W. Linebaugh to convey one hundred and twenty acres of land to said James A. Atwater and Cynthia Atwater, his wife. Cynthia Atwater died September 12, 1890, leaving James A. Atwater, her husband, and Minnie Belle Atwater and Musie E. Atwater, her daughters and only heirs-at-law. The bill averred that James A. Atwater was the son of Lucius R. Atwater;

that his wife, Cynthia Atwater, was the daughter of John
W. Linebaugh; that the premises were owned by Lucius
R. Atwater, and valued by him at $5000; that it was
agreed that he would deduct from such price or value
$1200 and convey the premises to John W. Linebaugh for
$3800, upon condition that Linebaugh would convey the
same to their children, James A. Atwater, son of Lucius
R. Atwater, and Cynthia Atwater, daughter of Linebaugh;
that the premises were conveyed to Linebaugh in pur-
suance of the agreement; that James A. Atwater, and
Cynthia, his wife, took possession as owners and paid
the taxes and put lasting improvements on the premises;
that after the death of Cynthia Atwater said James A.
Atwater continued to reside upon the lands, paying the
taxes and receiving the products, until the year 1893,
when he moved off the land and rented the same; that
John W. Linebaugh had made, executed, acknowledged
and delivered *in escrow* a deed conveying said lands to
said Minnie Belle Atwater and Musie E. Atwater, heirs
of Cynthia Atwater, to be delivered after the death of
said Linebaugh; that by said deed Linebaugh ignored
the interest of James A. Atwater and threatened to de-
fraud him of his interest in the land, and that said Line-
baugh had served notice upon James A. Atwater and his
tenant to deliver up possession of the premises. The
prayer of the bill was that Linebaugh should be decreed
to specifically perform the trust confided in him and
should be decreed to make a conveyance of the premises.
This bill was signed by a solicitor, and contained no hint
that Minnie Belle and Musie E. Atwater were minors, but
the bill was filed in their names, as complainants, with
their father. An amendment to the bill was filed, which
purported to be by James A. Atwater alone, and was
signed by him, setting out that a suit in forcible entry
and detainer had been commenced by John W. Linebaugh
for the possession of the premises, and praying for an
injunction against the suit.

John W. Linebaugh, by his answer, denied the making of the contract, and denied that Lucius R. Atwater abated $1200 from the price of the land on account of any promise on his part, and averred that whatever improvements James A. Atwater had placed on the land were voluntary and for his own convenience, for which he had been reimbursed by rents and profits. He also pleaded the statutes of frauds and limitations, and admitted that he had executed, acknowledged and delivered *in escrow* a deed conveying said premises to his grandchildren, Minnie Belle Atwater and Musie E. Atwater, to be delivered to them after the death of himself and his wife.

The bill was again amended so as to pray for a specific performance of the alleged agreement by making a deed to James A. Atwater of an undivided one-half of the premises and to Minnie Belle Atwater and Musie E. Atwater of the other undivided one-half. The bill as amended was answered, and in none of the pleadings was there a suggestion of the infancy of Minnie Belle and Musie E. Atwater, except in the prayer of the last amendment, where James A. Atwater was mentioned as their next friend. There was a hearing and a decree granting the relief asked for, and ordering John W. Linebaugh to make, execute and deliver a good and sufficient deed conveying to James A. Atwater the undivided half of the premises and to Minnie Belle Atwater and Musie E. Atwater the other undivided half.

It appeared from the evidence that Minnie Belle was sixteen years old and Musie E. thirteen. The suit was begun in their names and the bill purported to be signed by their solicitor. The suit was prosecuted throughout without the appointment of any guardian *ad litem* or next friend, and there is none in this court. It appeared on the face of the original bill that the interest of James A. Atwater was not identical with that of his children, but adverse thereto. It alleged that a deed had been made

and delivered as an *escrow*, conveying the entire estate to them, to be delivered upon the death of their grandfather, and at the hearing John W. Linebaugh acknowledged the right of his grandchildren to the land. His version of the agreement was that he intended to make a deed to his daughter of this land, or if she wanted other land elsewhere, to make her a deed of such other land in place of it. He testified that he was satisfied that his grandchildren, Minnie Belle Atwater and Musie E. Atwater, should have the land and all the rents, issues and profits, and that he commenced the suit of forcible entry and detainer to get the land and proceeds thereof for them. Here is further testimony by him:

Q. "It isn't the land, then, that you want?

A. "I want the children to have the lands or the proceeds thereof.

Q. "The truth of it then is, that you don't want James A. Atwater and his present wife to have these lands or the proceeds thereof, do you?

A. "No, I don't; I want the children to have the land and the proceeds thereof.

Q. "You want these grandchildren of yours,—the children of James A. Atwater,—to have the proceeds of these lands in question, less the taxes at the present time, do you not?

A. "Yes, sir; that is right."

James A. Atwater was married again after the death of his wife, Cynthia Atwater, and the only opposition of her father was to giving him and his present wife any interest in the premises. The interest of James A. Atwater was such that he could not represent his minor children, and when it appeared that they were minors the court should have appointed a guardian *ad litem* for them. We cannot consent to pass upon their rights in the present condition of the record. They should be represented and have a fair hearing, with an opportunity to introduce testimony.

The decree of the circuit court is reversed and the cause is remanded, with directions to appoint a guardian *ad litem* for the minors, who shall take such action as may be necessary or proper to preserve and protect any interest they may have in the subject matter of the litigation. The cost of this appeal will be taxed to appellee James A. Atwater.     *Reversed and remanded.*