DEBEA LUMSDEN v. CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY ET AL.

Decided March 24, 1900.

**Minor Suing by Next Friend—Compromise Judgment Held Invalid.**

A widow brought an action for damages against a railway company for herself and as next friend for her minor daughter to recover for the death of her husband and father, and a judgment therein was rendered in favor of plaintiff in accordance with an agreement signed by the attorneys of both parties, which agreement fixed the total damages at $1000, and apportioned them in the sum of $997 to the widow, $1 to the minor child, and $1 each to two other adult children who were also plaintiffs, and the minor, through her said next friend, appealed from the judgment. Held, that as the compromise agreement made a division of the damages to the manifest detriment of the minor, and to the exclusive benefit of the next friend, who was legally incapacitated to represent her in that particular by reason of opposing interest, it would not warrant the judgment .

ERROR from Tarrant.    Tried below before Hon. IRBY DUNKLIN.

*R. E. Carswell* and *Carter & Bell,* for appellant.

*N. H. Lassiter* and *Robert Harrison,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by Mrs. R. E. Lumsden, in her own right as the widow of John W. Lumsden, deceased, and as next friend for her minor daughter, Debea Lumsden, to recover the damages resulting to them from the death of John W. Lumsden, caused by the negligence of the Chicago, Rock Island & Texas Railway Company. Mrs. Mary Clark, a married daughter, joined by her husband, and C. R. Lumsden, a son, were also plaintiffs in the suit.

Judgment was rendered against the railway company and in favor of Mrs. R. E. Lumsden in the sum of $997, and in favor of her three children in the sum of $1 each, upon the following written agreement, which was signed by the attorneys for the respective parties: "It is agreed by and between the plaintiffs and defendant in this cause that judgment be entered in favor of plaintiffs for $1000 and costs, apportioned as follows: One dollar to Mrs. Mary Clark and husband, J. T. Clark; one dollar to Miss Debea Lumsden; one dollar to C. R. Lumsden, and $997 to Mrs. R. E. Lumsden."

From this judgment Debea Lumsden, by her next friend, Mrs. R. E. Lumsden, prosecutes this writ of error, and complains of the judgment upon the ground that it appears from the agreement that it was not

made for the benefit of the minor, and upon the further ground that it does not appear that the agreement was approved by the court, and upon the still further ground that if the agreement was approved by the court, the circumstances did not warrant such action. The objection to the form of the judgment need not be noticed, inasmuch as the recovery in behalf of the minor was only nominal.

The statute authorizing suits of this character provide that "the action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all." Rev. Stats., art. 3022. Under the title "Minors" it is provided that "any minor having a sufficient cause of action, and who has no legal guardian, can bring suit in any of the courts of this State by next friend;" and that "such next friend, or the attorney of record, of such minor may enter into such agreed judgment or compromise in such suit as the court may approve." Rev. Stats., arts. 3498u, 3498v.

We are therefore of opinion that the agreed judgment in this case could not be set aside if the widow Lumsden was competent to act as next friend for Debea Lumsden within the full scope of the agreement. If the compromise agreement had not undertaken to do more than fix the total amount of damages to which all those suing were entitled, we see no reason why, upon its being sanctioned by the court, it would not have been conclusive upon all parties; but inasmuch as it went further and undertook to make a division of the damages to the manifest detriment of the minor and to the exclusive benefit of the next friend, the agreement did not warrant the judgment, and of this the railway company must have taken notice. In that respect the interests of the next friend and minor were in direct conflict, and the next friend was legally incompetent to represent the minor. Linebaugh v. Atwater, 173 Ill., 613, 50 N. E. Rep., 1004.

In the case cited there was a conflict of interest between the father and his minor child. The court, in reversing the judgment, used this language, which seems appropriate here: "The interest of James A. Atwater was such that he could not represent his minor children, and when it appeared that they were minors the court should have appointed a guardian ad litem for them. We can not consent to pass upon their rights in the present condition of the record. They should be represented and have a fair hearing, with an opportunity to introduce testimony. The decree of the Circuit Court is reversed, and the cause is remanded, with directions to appoint a guardian ad litem for the minors, who shall take such action as may be necessary or proper to preserve and protect any interest they may have in the subject matter of the litigation."

Our statute in actions of this character provides that "the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict." Rev. Stats., art. 3227. In the

absence of an approved agreement by some person competent to represent the minor as next friend or guardian in the apportionment of the damages, this important issue should have been determined by the court or jury from the evidence, and because this was not done the judgment must be reversed for error apparent on the face of the record.

As to the power of a next friend, who is but a species of attorney, in the absence of statute, to compromise the suit of the minor, see 14 Encyclopedia of Pleading and Practice, p. 1040, and cases there cited.

*Reversed and remanded.*